UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| In Re: Christopher H. Lorek, Debtor | Case No. 2:20-CV-60 JD |

**OPINION AND ORDER**

Over a period of six years, Debtor Christopher H. Lorek (Appellee) filed four bankruptcy cases. The first two cases were dismissed following the bankruptcy court's finding that Mr. Lorek was acting in bad faith. The third one was dismissed because Mr. Lorek failed to make the agreed payments. Less than a year later, Mr. Lorek filed the fourth bankruptcy case (from which this appeal is taken). At its outset, the bankruptcy court yet again found that Mr. Lorek was acting in bad faith. The Appellant (Administrator of Lorrain Lorek's Estate and Mr. Lorek's creditor) then instituted an adversary proceeding, but Mr. Lorek failed to cooperate in discovery. Consequently, the Appellant sought the court's intervention but, three days before his scheduled deposition, Mr. Lorek moved to voluntarily dismiss his Chapter 13 case under 11 U.S.C. § 1307(b). The bankruptcy court granted the motion the next day. The Appellant immediately followed up with a motion, asking that the dismissal be with prejudice but the court denied it as moot because the case had already been dismissed.

On appeal, the Appellant is insisting that the bankruptcy court should have given her notice of Mr. Lorek's motion to dismiss and an opportunity for a hearing to establish that the dismissal be with prejudice due to Mr. Lorek's persistent bad-faith conduct. She argues that 11 U.S.C. § 1307(b) requires such procedural safeguards to prevent an abuse of the bankruptcy process. Mr. Lorek responds arguing that the statute requires no such thing but rather mandates

an unconditional dismissal upon a debtor's motion. Finding that the bankruptcy court did not abuse its discretion in dismissing the case, the Court affirms its decision.

*****

On appeal from the bankruptcy court ruling, the Court reviews "findings of fact for clear error and conclusions of law de novo." *In re Brooks*, 784 F.3d 380, 383 (7th Cir. 2015). A bankruptcy court's decision to grant a debtor's motion to dismiss his Chapter 13 bankruptcy is reviewed "for abuse of discretion." *Matter of Rees*, 817 F. App'x 258, 260 (7th Cir. 2020). "In general terms, a court abuses its discretion when its decision is premised on an incorrect legal principle or a clearly erroneous factual finding, or when the record contains no evidence on which the court rationally could have relied." *In re KMart Corp.*, 381 F.3d 709, 713 (7th Cir. 2004). In reviewing a bankruptcy court's decision for abuse of discretion, whether the district court agrees "with the bankruptcy judge's decision is beside the point as long as the decision is within the range of options from which one would expect a reasonable trial judge to select." *Mileusnic v. Chael*, 616 B.R. 767, 770 (N.D. Ind. 2020) (citing *Liu v. Price Waterhouse LLP*, 302 F.3d 749, 754 (7th Cir. 2002). A litigant appealing on the grounds of abuse of discretion has an arduous task "for a decision constitutes an abuse of discretion when it is not just clearly incorrect, but down-right unreasonable." *Zhou v. Guardian Life Ins. Co. of Am.*, 295 F.3d 677, 679 (7th Cir. 2002) (quotation marks and citation omitted).

*****

Title 11 U.S.C. § 1307 (b) controls motions for voluntary dismissal in Chapter 13 cases: "On request of the debtor at any time, if the case has not been converted under section 706, 1112,

or 1208 of this title, the court shall dismiss a case under this chapter . . . ." *Id*. Although on its face the statute places no conditions for the dismissal except that the case must not have been converted, the Appellant argues the statute implicitly requires that, before granting the motion, the bankruptcy court must "consider the Debtor's conduct, including bad faith, both before and during this bankruptcy process." (DE 19 at 11.) Furthermore, according to the Appellant, "[t]he [b]ankruptcy [c]ourt had a duty to provide notice to creditors, giving creditors the opportunity to request an evidentiary hearing to consider the dismissal of this Chapter 13 proceeding with sanctions/prejudice, based on the Debtor's continued bad faith . . . ." (*Id*.) The Appellant maintains that "[t]he dismissal of this case on the Motion of the Debtor is consistent with the intent of the Bankruptcy Code; however, the dismissal without consequences rewards a Debtor acting in bad faith harming the Creditors." (*Id*. at 12.)

For her propositions, the Appellant chiefly relies on the Supreme Court's decision in *Marrama v. Citizens Bank of Massachusetts*, 549 U.S. 365 (2007). *Marrama* interpreted § 706(a) which uses somewhat similar language as § 1307(b) to allow Chapter 7 conversions. Here are the two subsections side-by-side:

| § 1307(b) | § 706(a) |
|---|---|
| On request of the debtor at any time, if the case has not been converted under section 706, 1112, or 1208 of this title, the court shall dismiss a case under this chapter. Any waiver of the right to dismiss under this subsection is unenforceable. | The debtor may convert a case under this chapter to a case under chapter 11, 12, or 13 of this title at any time, if the case has not been converted under section 1112, 1208, or 1307 of this title. Any waiver of the right to convert a case under this subsection is unenforceable. |

In *Marrama*, the plaintiff filed for Chapter 7 bankruptcy. The trustee accused him of acting in bad faith by attempting to conceal assets, and the bankruptcy court agreed with the trustee. The plaintiff then moved to convert his bankruptcy petition from Chapter 7 to Chapter

3

13, which would allow him to preserve some of the assets. Siding with plaintiff's creditors who opposed the conversion, the bankruptcy court denied his motion, finding that § 706(a) did not provide for an unqualified right of dismissal. That decision was affirmed both by the Bankruptcy Panel and the Court of Appeals for the First Circuit.

At the Supreme Court, the plaintiff argued that, despite the bankruptcy court's finding that he acted in bad faith, pursuant to § 706(a), he had an absolute right to convert from a Chapter 7 to Chapter 13 proceeding. The Supreme Court disagreed, holding that the right to conversion under § 706(a) is lost if the debtor has engaged in bad faith. The Court observed that plaintiff's position "fails to give full effect to the express limitation in subsection [706](d)." *Marrama*, 549 U.S. at 372. Subsection 706(d) provides that "[n]otwithstanding any other provision of this section, a case may not be converted to a case under another chapter of this title unless the debtor may be a debtor under such chapter." The Supreme Court found that "[t]he words 'unless the debtor may be a debtor under such chapter' expressly conditioned [the debtor's] right to convert on his ability to qualify as a "debtor" under Chapter 13." *Id*. This he could not do because "§ 1307(c)[] provides that a Chapter 13 proceeding may be either dismissed or converted to a Chapter 7 proceeding 'for cause' and includes a nonexclusive list of 10 causes justifying that relief." *Id*. at 373. Although the list does not mention pre-petition bad faith conduct,

> [i]n practical effect, a ruling that an individual's Chapter 13 case should be dismissed or converted to Chapter 7 because of prepetition bad-faith conduct, including fraudulent acts committed in an earlier Chapter 7 proceeding, is tantamount to a ruling that the individual does not qualify as a debtor under Chapter 13. That individual, in other words, is not a member of the class of honest but unfortunate debtors that the bankruptcy laws were enacted to protect. The text of § 706(d) therefore provides adequate authority for the denial of his motion to convert.

*Id*. at 373–74 (citation, quotation marks, and text brackets omitted).

The Appellant argues that *Marrama* thus required the bankruptcy court, when faced with Mr. Lorek's motions to dismiss under § 1307(b), to determine if the dismissal should be with prejudice. According to the Appellant, this mandate is further justified by § 105(a) which gives bankruptcy courts "the broad authority . . . to take any action that is necessary or appropriate 'to prevent an abuse of process.'" *Marrama*, 549 U.S. at 375. In fact, the Appellant believes that § 105(a) is the key provision for policing dismissals under § 1307(b).

The Court disagrees with the Appellant's assessment that, in light of *Marrama*, the bankruptcy court's dismissal of Mr. Lorek's case was an abuse of discretion, that is, "not just clearly incorrect, but down-right unreasonable." *Zhou*, 295 F.3d at 679. It's not so clear whether *Marrama* is controlling in this case. *Marrama*'s holding regarding dismissals under section 706(a) must be read in conjunction with § 706(d). Section 1307 does not have an equivalent interplay of two subsections where one limits the other's "absolute right" to dismiss to the "class of honest but unfortunate debtors," *Marrama*, 549 U.S. at 374. Moreover, *Marrama* construed § 105(a) as "a vehicle to implement § 706(d) and avoid the 'procedural anomaly' of permitting Chapter 7 debtors to convert their cases to a chapter for which they were ineligible," *In re Williams*, 435 B.R. 552, 560 (Bankr. N.D. Ill. 2010), not as a standalone provision for the bankruptcy courts to design their own remedies as they wish. After all, while pursuant to § 105(a) "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title," the power conferred by § 105(a) is one to implement rather than override." *In re Kmart Corp.*, 359 F.3d 866, 871 (7th Cir. 2004). "'The fact that a [bankruptcy] proceeding is equitable does not give the judge a free-floating discretion to redistribute rights in accordance with his personal views of justice and fairness, however

5

enlightened those views may be.'" *Id.* (quoting *In re Chi., Milwaukee, St. Paul & Pacific R.R.*, 791 F.2d 524, 528 (7th Cir. 1986).

Without clear guidance in the Seventh Circuit as to whether *Marrama* applies to § 1307(b), the Appellant cannot show that the bankruptcy court's decision was outside the range "of options from which one would expect a reasonable trial judge to select." *Mileusnic v. Chael*, 616 B.R. at 770. While the Appellant points to several bankruptcy court decisions around the country that took into account the debtor's bad faith in considering the motion to dismiss (*In re Armstrong*, 408 B.R. 559 (Bankr. E.DN.Y. 2009); *In re Taylor*, 462 B.R. 527 (Bankr. W.D. Pa. 2011); *In re Mattick*, 496 B.R. D.N.C. 2013); *In re Broughton*, 2015 WL 13854913 (Bankr. E.D. N.C. 2015)), none of those cases are binding upon the bankruptcy court in Mr. Lorek's case. In fact, as a bankruptcy court in the Southern District of Illinois observed just last month, "[d]ue to the mandatory language of [§ 1307(b)], the majority of reported cases have held that Chapter 13 debtors have an absolute right to dismiss an unconverted case." *In re Lash*, No. 19-30708, 2021 WL 666338, at *4 (Bankr. S.D. Ill. Feb. 17, 2021). Furthermore, the only case that the Appellant cites from within the Seventh Circuit dealing squarely with the issues raised on appeal, *In re Williams*, 435 B.R. 552, 560 (Bankr. N.D. Ill. 2010), found that, even post-*Marrama*, the debtor had an absolute right to dismissal under § 1307.

The bankruptcy court considered Mr. Lorek's motion to dismiss and found no need for either notice or hearing:

> Debtor having on the 28th day of January, 2020, filed a Motion to Dismiss this Chapter 13 case pursuant to 11 U.S.C § 1307(b), and it appearing that this case has not been converted previously under 11 U.S.C. § 706, 11 U.S.C. § 1112, or 11 U.S.C. § 1208, said motion may be granted at any time without notice or hearing. It is therefore, ORDERED, that said Motion is hereby granted and that the petition of the Debtor be and is hereby DISMISSED pursuant to 11 U.S.C. § 1307.

(DE 21-1 at 10.)

6

In addition, given that the contempt hearing was afoot in the adversary proceeding shortly before the dismissal, the bankruptcy court could not have been blind to Mr. Lorek's conduct. Yet, it elected to grant Mr. Lorek's motion to dismiss "without notice or hearing" (*id*.), thus treating it as a straightforward matter. In light of the existing law regarding § 1307(b), the Court cannot say that this constituted an abuse of discretion.

Accordingly, the Court AFFIRMS the bankruptcy court's order to dismiss Mr. Lorek's case.

SO ORDERED.

ENTERED: March 31, 2021

/s/ JON E. DEGUILIO
Chief Judge
United States District Court